IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

ELAM LANG,
LARZETTA LANG,

         Plaintiffs,

vs.

WINSTON TRANS INC.,
CLYDE SAVAGE

         Defendants.

## COMPLAINT

COMES NOW, the Plaintiffs Elam Lang and Larzetta Lang and files this complaint against Defendant Winston Trans Inc., and Defendant Clydge Savage, and shows the court as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Elam Lang (Plaintiff E. Lang) is a resident of the State of Oklahoma and is subject to the jurisdiction of this Court.

2. Plaintiff Larzetta Lang (Plaintiff L. Lang) is the lawful ceremonial wife of Plaintiff E. Lang and is resident of the State of Oklahoma and is subject to the jurisdiction of this Court.

3. Defendant Winston Trans Inc., (Defendant Winston) is an Alabama domestic corporation licensed and bonded to conduct commercial trucking business in Alabama and other sister states in the United States. Defendant Winston's principal place of business is located at 1350 11th Avenue, Haleyville Alabama 35565.  Defendant Winston was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations (hereinafter F.M.C.S.R.) and

was engaged in interstate commerce. As such, Defendant Winston was/is subject to the F.M.C.S.R.

4. Defendant Clyde Savage (Defendant Savage) was/is a commercial driver/agent of Defendant Winston at all times giving rise to the present action. Defendant Savage was the commercial driver whose negligent actions combined with Defendant Winston to cause permanent injuries to Plaintiff E Lang.

5. Jurisdiction is proper in this Court. Plaintiffs maintains this Court has both specific and general jurisdiction of Defendants. Defendant Winston's place of business is in Alabama and commence all operations out of the State of Alabama. Defendants contacts with Alabama are sufficient to make it "at home" in the State of Alabama. Furthermore, all operative facts surrounding negligent hiring and negligent training occurred in the State of Alabama.

6. Complete diversity of citizenship exists between the parties to this action, and the amount in controversy exceeds $75,000, exclusive of interest and costs, conferring diversity jurisdiction to this Court pursuant to 28 U.S.C. 1332.

## FACTS

7. On January 9, 2018 at approximately 4:30 a.m., Defendant Savage was driving a loaded 18-wheeler tractor trailer rig as an employee/agent of Defendant Winston and was traveling north on 74th Street West in or near Muskogee, Oklahoma.

8. The collision occurred on State Highway 16 west of Muskogee, Oklahoma at the intersection of Highway 16 and 74th Street West.

9. Defendant Savage entered the intersection of Highway 16 attempting to turn left unto Highway 16. Defendant Savage was unfamiliar with this intersection.

10. Defendant Savage negligently and wrongfully stopped or drove his tractor trailer so slowly on Highway 16 as to effectively prevent vehicles from traveling safely upon said highway thereby effectively obstructing the highway.

11. On January 9, 2018 at approximately 4:30 a.m., Plaintiff E Lang operating his vehicle below the posted speed limit and driving pursuant to the following conditions, violently collided with the driver's side of Defendant Savage's trailer.

12. Moreover, three (3) additional vehicles subsequently collided with Defendant Savage's trailer.

13. Plaintiff E. Lang sustained permanent neurological injuries and other permanent injuries to his body as a result of this collision.

## COUNT 1-NEGLIGENCE/WANTONNESS

14. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

15. Defendant Savage was negligent and/or wanton in the operation of his truck as enumerated above.

16. Defendant was negligent and/or wanton in the operation of its truck by operating his vehicle in hazardous conditions in violation of the provision of the F.M.C.S.R. 49 CFR 383, 383.110, 383.111, 383.113 and 391.  In addition, Defendant was in violation of several provisions of the Alabama Commercial Driver License Manuel and the trailer attached to his truck was not equipped with safe and/or proper lighting devices.

17. Furthermore, Defendant Winston was careless, negligent, wanton and/or reckless in the ownership of its motor vehicle, which caused Plaintiffs to suffer personal injuries.  Defendants

negligence and wantonness combined to proximately cause the wreck and injuries suffered by Plaintiffs.

## COUNT 2- NEGLIGENCE and/or WANTONNESS PER SE

18. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

19. Defendant Savage was under a duty to follow the F.M.C.S.R.  Defendants above described actions violated the following provisions of the F.M.C.S.R.  49 CFR 383, 383.110, 383.111, 383.113 and 391

20. Furthermore, Defendant Savage as an Alabama commercial licensed driver had a duty to obey the Alabama Commercial Driver License Manuel.  His above described actions violated sections 2.52 and 2.12 of said Manuel.

21. Defendant Savage's actions constitutes negligence and/or wantonness per se due to his violations of both the F.M.C.S.R. and Alabama Commercial Driver License Manuel statutes which are intended to protect persons such as Plaintiff from bodily injury or death.

## COUNT 3- NEGLIGENT/WANTON HIRING, TRAINING & SUPERVISION

22. Plaintiffs incorporates by reference all preceding paragraphs of the Complaint as if fully set forth herein.

23. Defendant Winston's employee/agent, Defendant Savage did not meet the required level of driver fitness, pursuant to F.M.C.S.R. 49 CFR 383.110, 383.111 and 383.113.

24. Defendant Winston was negligent and/or wanton in failing to properly train Defendant Savage.

25.     Defendant Winston was negligent and/or wanton in failing to properly supervise Defendant Savage.

26.     Defendant Winston's negligence and/or wanton in hiring Defendant Savage and entrusting him with driving a commercial vehicle and failing to train and supervise him properly is a direct, substantial and proximate cause of this collision and the injuries suffered by Plaintiffs.

## COUNT 4- LOSS OF CONSORTIUM

27.     Plaintiff L. Lang incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

28.     Plaintiff L. Lang is and was at all times giving rise to this Complaint the lawful spouse of Plaintiff E. Lang.

29.     Plaintiff E. Lang suffered serious and permanent injuries as a result of the combined negligence of Defendants as enumerated above.

As a proximate result of Defendants combined negligence, Plaintiff L. Lang has lost the companionship, affection, comfort, and marital services of Plaintiff E. Lang.

## COUNT 5- PROPERTY DAMAGE

30.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

31.     As a result of Defendants combined negligence, Plaintiff E. Lang's vehicle, more particularly described as a 1998 GMC pickup truck was totally destroyed, beyond repair and rendered inoperable.

32.     As a direct, substantial, and proximate result of the negligence of Defendants, as set for above, Plaintiff E. Lang suffered property damage and is entitled to an award for property damage.

## DEMAND FOR JURY TRIAL

Wherefore, Plaintiffs hereby demands trial by jury on all issues and judgment against Defendants as follows:

a. That Plaintiff E. Lang recovers for past and future medical expenses and lost wages in an amount to be proven at trial;

b. That Plaintiff E. Lang recovers for permanent injuries and disfigurement to his body;

c. That Plaintiff E. Lang recovers for past and future mental anguish and physical pain and suffering in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiff L. Lang recover for the loss of spousal services in an amount to be determined by the enlightened conscience of a jury;

e. That Plaintiffs recover judgment against Defendants for compensatory, punitive and/or exemplary damages; and

f. That Plaintiffs' recover such other and further relief as is just and proper.

Respectfully submitted this 5th day of November, 2018.

LAW OFFICE OF DWAYNE L. BROWN, PC

/s/ Dwayne L. Brown
Dwayne L. Brown
Georgia Bar No. 361427

DWAYNE L. BROWN
Georgia Office: 3390 Peachtree Road, Suite 1100
Atlanta, Georgia 30326
Telephone: (678) 505-0559
Facsimile:  (678) 623-8900
www.dlblawfirm.com

Alabama Office:  2740 Zelda Road, Suite 500
Montgomery, Alabama 36106
Telephone: (334) 277-3757
Facsimile:  (334) 277-3613